RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/9/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | : | DOCKET NO. 2:10-1297 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (R. #13) wherein, the mover, defendant, Eugene A. Bouquet, seeks to be dismissed from the instant lawsuit because the complaint fails to state a claim upon which relief can be granted. *Pro se* plaintiff, Kennith W. Montgomery opposes the motion. For the following reasons, the motion will be granted and defendant, Eugene A. Bouquet will be dismissed with prejudice.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine

---

[1] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

---

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

[10] Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Plaintiff instituted this civil rights lawsuit against numerous law enforcement officers, judges, defense attorneys, the Lake Charles Police Department, the City of Lake Charles, and the Public Defender's Office. Plaintiff's complaint includes the following allegations:(1) law enforcement officials kicked down plaintiff's door, punched him in the mouth, and called him a nigger, (2) certain officials filed false and malicious charges against plaintiff, made false reports and/or testimony, (3) certain judges refused to suppress evidence, refused to allow plaintiff to represent himself, and denied plaintiff the right to confront his accusers, (4) officials conspired and/or covered up illegal actions, (5) court appointed attorneys failed to investigate and conspired to sabotage plaintiff's case, (6) judges and/or court appointed defenders forced plaintiff to enter an Alford plea, (7) certain judges caused plaintiff to be illegally incarcerated for two (2) years.

Plaintiff's complaint titled "42 USC1983 Civil Suit" makes the following allegations against defendant, Eugene A. Bouquet:

51.

>Defendant Eugene A. Bouquet is an [sic] private attorney as well as do contract [sic] work for the state of Louisiana is being sued in both his individual and official capacity for the wanton infliction of pain for failing to provide plaintiff with the proper legal assistance or legal material that was ordered by the courts. Thereby, putting plaintiff at a disadvantage to legally fight his case as well as to help to sabotage plaintiff [sic] legal case and conspire to do so in order to help protect the state from liability.

52.

---

[11] Id., at 570, 127 S.Ct. 1955.

3

Defendant Eugene A. Bouquet is also being sued for conspiring to violate plaintiff's constitutional rights.

To state a claim under §1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law.[12] Defendant, Bouquet maintains that the complaint fails to state a valid claim for recovery because as a private attorney, he is not a state actor within the meaning of § 1983. In Polk County .v Dodson,[13] the United States Supreme Court stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Plaintiff's complaint alleges facts regarding Mr. Bouquet's actions as plaintiff's criminal defense attorney. Accordingly, the court finds that Mr. Bouquet is not a state actor, and that plaintiff's § 1983 claims against this defendant must fail.

Defendant, Bouquet further maintains that plaintiff's claims against him must be dismissed because plaintiff has not alleged that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid, nor has a *writ of habeas corpus* been issued. In Heck v. Humphrey,[14] the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[12] Randolph v. Cervantes, 130 F.3d 727 (5th Cir. 1997); Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995); Lefall v. Dallas Indep. School District, 28 F.3d 521, 525 (5th Cir. 1994).

[13] 454 U.S. 312, 325, 102 S.Ct. 445 (1981).

[14] 512 U.S. 477, 487, 114 S.Ct. 2364 (1994).

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."

Plaintiff's complaint fails to allege that his criminal conviction (Alford plea), or the sentence imposed has been set aside. Accordingly, plaintiff is precluded from claiming damages under § 1983.

Lastly, defendant Bouquet maintains that plaintiff has failed to allege sufficient facts to assert a claim of conspiracy. We agree. Plaintiff alleges that defendant Bouquet conspired to sabotage his case to help protect the state from liability. What is noticeably absent are any operative facts to support plaintiff's claim of conspiracy. Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice.[15]

## CONCLUSION

For the reasons given above, the motion to dismiss plaintiff's claims against defendant, Eugene A. Bouquet will be dismissed with prejudice because defendant Bouquet is not a state actor. Had the court not determined that Bouquet was not a state actor, the court would have dismissed plaintiff's complaint without prejudice under Heck v. Humphrey and dismissed the conspiracy claims for failure to allege sufficient facts. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[15] Bell Atlantic Corp., 550 U.S. at 555.