RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/9/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | : | DOCKET NO. 2:10-1297 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #16) filed by defendants, Judge Rick Bryant and Clayton Davis, wherein these defendants seek to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff opposes the motion. For the following reasons, the motion to dismiss will be granted dismissing with prejudice plaintiff's claims against these defendants.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to

---

[1] Hitt v. City of Pasadena, 561 F.2d 606,608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

[10] Id., at 557, 127 S.Ct. 1955.

as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Plaintiff instituted this civil rights lawsuit against numerous law enforcement officers, judges, defense attorneys, the Lake Charles Police Department, the City of Lake Charles, and the Public Defender's Office. Plaintiff's complaint includes the following allegations:(1) law enforcement officials kicked down plaintiff's door, punched him in the mouth, and called him a nigger, (2) certain officials filed false and malicious charges against plaintiff, made false reports and/or testimony, (3) certain judges refused to suppress evidence, refused to allow plaintiff to represent himself, and denied plaintiff the right to confront his accusers, (4) officials conspired and/or covered up illegal actions, (5) court appointed attorneys failed to investigate and conspired to sabotage plaintiff's case, (6) judges and/or court appointed defenders forced plaintiff to enter an Alford plea, (7) certain judges caused plaintiff to be illegally incarcerated for two (2) years.[12]

Defendant Judges Rick Bryant and Clayton Davis move to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) because(1) the Rooker-Feldman doctrine precludes the exercise of subject matter jurisdiction, (2) Heck v. Humphrey bars plaintiff's claims, and (3) plaintiff's claims are barred by judicial immunity.

*Judge Rick Bryant*

In his complaint, plaintiff alleges that Judge Bryant violated his 6th amendment right.[13] Plaintiff alleges that Judge Bryant "refus[ed] to allow plaintiff to have a bond that did not violate

---

[11] Id., at 570, 127 S.Ct. 1955.

[12] R. #1.

[13] R. #1, ¶ 33.

3

the constitution."[14] Plaintiff further alleges that Judge Bryant conspired to violate plaintiff's constitutional rights[15] and refused to answer plaintiff's motions thereby violating his due process rights.[16]

*Judge Clayton Davis*

Plaintiff alleges that Judge Davis (1) refused to suppress evidence taken in violation of his 4th Amendment rights,[17] (2) violated plaintiff's 8th amendment rights by refusing plaintiff to have a bond that did not violate the constitution,[18] (3) refused to answer plaintiff's motions in a timely manner causing him to be incarcerated longer than necessary,[19] (4) stopped plaintiff's suppression hearing prematurely when the witness was caught in a lie, and refused to allow plaintiff to call any witnesses or present his own evidence,[20] (5) refused to "order the state/police to produce the so-called witnesses" violating plaintiff's dues process rights,[21] and (6) conspired to violate plaintiff's constitutional rights.[22] Plaintiff further alleges that Judge Davis' actions were a malicious intent to

---

[14] Id., ¶ 34.
[15] Id., ¶ 35.
[16] Id., ¶ 36.
[17] Id., ¶ 37.
[18] Id., ¶ 38.
[19] Id. ¶ 39.
[20] Id., ¶ 40.
[21] Id., ¶ 41.
[22] Id., ¶ 42.

4

cover up the illegal actions of the police and protect the state from liability.[23]

Plaintiff seeks to have the criminal charges removed from his record, retract the charges made in the newspaper, have the money and property seized from the police returned, recover damages resulting from property stolen from his home while plaintiff was incarcerated, twenty million dollars for pain and suffering, and one million dollars for violations of plaintiff's rights.

Defendants maintain that this federal court lacks jurisdiction to entertain collateral attacks based on the Rooker-Feldman doctrine. The Rooker-Feldman doctrine holds that federal courts lack jurisdiction to entertain collateral attacks on state judgments.[24] A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in state court proceedings or claims framed as original claims for relief.[25] If a federal district court is confronted with issues that are "inextricably intertwined" with a state court judgment, the court, in essence, is being called upon to review the state court decision.[26]

Under the Rooker-Feldman doctrine, the Fifth Circuit has consistently rejected challenges to state court proceedings based on alleged unconstitutional violations by state court judges in those proceedings.[27]

---

[23] Id., ¶ 44.

[24] Liedtke v. State Bar of Texas, 18 F.3d 315, 317-18 (5th Cir. 1994); See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983).

[25] United States v. Shepard, 23 F.3d 923, 924 (5th Cir. 1994).

[26] Shepard, 23 F.3d at 924.

[27] Chrissy F. by Medley v. Mississippi Dept. Of Public Welfare, 995 F.2d 595 (5th Cir. 1993).

Defendants argue that plaintiff's allegations are "inextricably intertwined' with the state court's judgments which were adverse to plaintiff, and that plaintiff is seeking a reversal of these rulings by Judges Bryant and Davis. The court agrees and finds that this court lacks jurisdiction as to the claims made against Judges Bryant and Davis.

Defendants also maintain that plaintiff's claims for monetary damages are barred because plaintiff has failed to allege and/or cannot prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of *habeas corpus.* Defendants argue that until the conviction or sentence has been favorably terminated, plaintiff's claims are not cognizable under § 1983.

In Heck v. Humphrey,[28] the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."

The court finds that plaintiff's damages claims pursuant to section 1983 for his alleged unconstitutional conviction and sentence is barred because he has not satisfied the favorable termination requirement of Heck.

---

[28] 512 U.S. 477, 487, 114 S.Ct. 2364 (1994).

Finally, defendants maintain that they are entitled to absolute judicial immunity for their judicial acts as Louisiana State District Judges. Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.[29] A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.[30] Absent from Plaintiff's complaint are any allegations that Judges Bryant and/or Davis played any role regarding plaintiff's arrest and/or conviction or sentencing other than to adjudicate the criminal proceedings in their capacity as judges. Accordingly, Judges Bryant and/or Davis are absolutely immune from suit.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted dismissing with prejudice, plaintiff's claims against defendants, Judges Rick Bryant and Clayton Davis because this court has no subject matter jurisdiction and because these defendants have judicial immunity. Otherwise, the court would have dismissed the complaint without prejudice under Heck v. Humphrey. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[29] Mitchell v. Forsyth, 472 U.S. 511, 526 105 S. Ct. 2806, 2815 (1985).

[30] Forrester v. White, 484 U.S. U.S. 219, 227-228, 108 S.Ct. 538, 544-545 (1988).