RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE_____
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | : | DOCKET NO. 2:10-1297 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion To Dismiss for Failure to State a Claim upon which Relief can be Granted" (R. #22) wherein defendants, Mitch Bergeron, Ralph Williams and the 14th Judicial District Public Defender's Office move pursuant to Federal Rule of Civil Procedure 12 to dismiss the complaint made against them for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. For the following reasons, the motion will be granted, dismissing with prejudice all claims against these defendants.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an

---

[1] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint

---

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Plaintiff instituted this civil rights lawsuit against numerous law enforcement officers, judges, defense attorneys, the Lake Charles Police Department, the City of Lake Charles, and the Public Defender's Office. Plaintiff's complaint includes the following allegations:(1) law enforcement officials kicked down plaintiff's door, punched him in the mouth, and called him a nigger, (2) certain officials filed false and malicious charges against plaintiff, made false reports and/or testimony, (3) certain judges refused to suppress evidence, refused to allow plaintiff to represent himself, and denied plaintiff the right to confront his accusers, (4) officials conspired and/or covered up illegal actions, (5) court appointed attorneys failed to investigate and conspired to sabotage plaintiff's case, (6) judges and/or court appointed defenders forced plaintiff to enter an Alford plea, (7) certain judges caused plaintiff to be illegally incarcerated for two (2) years.[12]

*Public Defenders Office*

Plaintiff alleges that the Public Defenders Office ("PDO"), as the employer of the public defenders named as defendant in the instant lawsuit, is liable for failing to train it employees, and/or to hire competent attorneys as well as failing to provide competent legal assistance or legal materials

---

[10] Id., at 557, 127 S.Ct. 1955.

[11] Id., at 570, 127 S.Ct. 1955.

[12] R. #1.

3

as ordered by the court.[13] Plaintiffs also allege that the PDO failed to provide plaintiff with adequate or proper investigation to secure witnesses and evidence.[14]

*Ralph Williams*

Plaintiff is suing defense attorney Ralph Williams for wanton infliction of pain for refusing to give plaintiff proper legal assistance and legal material and for conspiring and assisting the state to sabotage plaintiff's case.[15] Plaintiff further alleges that Mr. Williams provided the state with information on plaintiff's legal strategies and conspired to violate plaintiff's constitutional rights.[16]

*Mitch Bergeron*

Plaintiff is suing defense counsel Mitch Bergeron for wanton infliction of pain for refusing to give plaintiff proper legal assistance and legal material ordered by the court as well as conspiring and assisting the state to sabotage plaintiff's legal case by providing information to the state. Plaintiff further alleges that Mr. Bergeron conspired to violate plaintiff's constitutional rights.

To state a claim under §1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law.[17] Defendants, the PDO, Williams and

---

[13] R. #1, ¶ 47.

[14] Id.

[15] Id., ¶ 48.

[16] Id., ¶¶ 48-49.

[17] Randolph v. Cervantes, 130 F.3d 727 (5th Cir. 1997); Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995); Lefall v. Dallas Indep. School District, 28 F.3d 521, 525 (5th Cir. 1994).

Bergeron maintain that the complaint fails to state a valid claim for recovery because as private attorneys, they are not state actors within the meaning of § 1983.

A critical element for a section 1983 claims is that the named defendant be "acting under color of state law" when the constitutional violation occurs.[18] If the defendant is not acting under color of state law, there is no cognizable claim under section 1983.

In Polk County v. Dodson,[19] the United States Supreme Court stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Plaintiff's complaint alleges facts regarding Williams and Bergeron's actions as plaintiff's criminal defense attorneys. Plaintiff alleges that the Public Defenders Office is liable for failing to train and/or hire competent attorneys, failure to provide competent legal assistance and materials, and failure to provide an adequate investigation. Plaintiff's bald and conclusory allegations are insufficient to support an actionable claim under § 1983. Furthermore, it appears that the PDO is not an entity capable of being sued under § 1983.[20] Accordingly, the court finds that the PDO, Williams and Bergeron are not state actors, and that plaintiff's § 1983 claims against these defendants must fail.[21]

---

[18] 42 U.S.C. § 1983 (2006).

[19] 454 U.S. 312, 325, 102 S.Ct. 445 (1981).

[20] See Foster v. Orleans Parish Public Defendants Office, 2011 WL 446031 (E.D. La. 2011), citing Fondol v. Orleans Parish District Attorney Office, 2008 WL 4891238, at *2 (E.D.La. Nov. 4, 2008).

[21] See also Amir-Sharif v. Dallas County Public Defenders Office, 233 Fed.Appx. 364 (5th Cir. 2007)(holding that court appointed counsel and Public Defenders Office are not state actors for 1983 purposes); Johnson v. Louisiana, 2009 WL 1788545 (W.D. La. 2009)(holding that public defender and Public Defenders Office are not state actors when representing their indigent clients).

Defendants, the PDO, Williams and Bergeron also maintain that plaintiff's § 1983 claims for money damages are barred by Heck v. Humphrey,[22] because plaintiff does not allege, nor can he show that his criminal conviction or the sentence imposed has been set aside. In Heck v. Humphrey,[23] the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Accordingly, any claim for damages would be barred by Heck v. Humphrey.

Finally, defendants maintain that plaintiff's conspiracy claims must be dismissed because there are insufficient allegations to state a claim. Louisiana law provides that "[h]e who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, *in solido,* with that person, for the damage caused by such act."[24] Louisiana courts have interpreted Louisiana Civil Code article 2324 as creating liability for acts performed pursuant to a conspiracy which causes injury or damage to a plaintiff.[25] The actionable element in an article 2324 claim is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which

---

[22] 512 U.S. 477, 114 S.Ct. 2364 (1994).

[23] 512 U.S. at 487.

[24] La.Civ. Code art. 2324.

[25] Miller v. Keating, 339 so.2d 40, 43 (La.App.3d Cir. 1976).

they actually commit in whole or in part.[26] In order to recover, a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury.[27] What is noticeably absent are any operative facts to support plaintiff's claim of conspiracy. Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice.[28] Accordingly, plaintiff's claims of a conspiracy must be dismissed for failure to allege sufficient facts to establish that an agreement existed to commit an illegal or tortious act.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted dismissing with prejudice all claims against the Public Defender's Office, Mitch Bergeron and Ralph Williams because these defendants are not state actors. Had the court not determined that these defendants were not state actors, the complaint would likewise be dismissed without prejudice under the mantra of Heck v. Humphrey. The court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[26] Tabb v. Norred, 277 So.2d 223, 227 (La.App. 3d Cir. 1973).

[27] Thomas v. City of New Orleans, 687 F.2d 80, 83 (5th Cir. 1982).

[28] Bell Atlantic Corp., 550 U.S. at 555.