RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | : | DOCKET NO. 2:10-1297 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (R. #15) wherein defendants, City of Lake Charles, Mayor Randy Roach, Lake Charles Police Department, Chief of Police Don Dixon, Officer Kevin G. Hoover, Officer Michael Callora, Officer David E. Rupf, Corporal Gregory Single, Lt. Arnold Bellow and Cpl. Fleming seek to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. For the reasons set forth below, the motion will be granted dismissing these defendants with prejudice.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the

---

[1] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint

---

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Plaintiff instituted this civil rights lawsuit against numerous law enforcement officers, judges, defense attorneys, the Lake Charles Police Department, the City of Lake Charles, and the Public Defender's Office. Plaintiff's complaint includes the following allegations:(1) law enforcement officials kicked down plaintiff's door, punched him in the mouth, and called him a nigger, (2) certain officials filed false and malicious charges against plaintiff, made false reports and/or testimony, (3) certain judges refused to suppress evidence, refused to allow plaintiff to represent himself, and denied plaintiff the right to confront his accusers, (4) officials conspired and/or covered up illegal actions, (5) court appointed attorneys failed to investigate and conspired to sabotage plaintiff's case, (6) judges and/or court appointed defenders forced plaintiff to enter an Alford plea, (7) certain judges caused plaintiff to be illegally incarcerated for two (2) years.[12]

Defendants in this motion maintain that plaintiff's petition fails to state facts upon which any cognizable claim exists concerning their conduct, actions or inaction. Defendant Lake Charles Police Department maintains that it is not a proper defendant. Defendant Mayor Randy Roach and Chief of Police Don Dixon maintain that there are no factual allegations as to their action/inaction in the complaint. Officers Hoover, Callora, Rupf, Single, Bellow and Fleming maintain that the

---

[10] Id., at 557, 127 S.Ct. 1955.

[11] Id., at 570, 127 S.Ct. 1955.

[12] R. #1.

3

confrontation between them with plaintiff occurred on June 30, 2008; therefore any claim based on wrongful arrest and/or excessive force is untimely. And finally, the defendants maintain that there are insufficient facts alleged to support a claim for conspiracy regarding plaintiff's criminal proceeding.

*Lake Charles Police Department (the " Police Department")*

Plaintiff has named the Lake Charles Police Department as a party in this lawsuit. The Police Department remarks that it is a department of the City of Lake Charles pursuant to Section 4-03 of the City Charter of the City of Lake Charles. Thus, the Police Department maintains that it is not a legal entity that can sue or be sued.

Rule 17(b) of the Federal Rules of Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located." The Louisiana Supreme Court has stated that the determination of whether an entity has legal capacity "will depend on an analysis of specifically what the entity is legally empowered to do."[13] The court must determine whether the Police Department can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.[14]

Section 4-03 of the City Charter makes clear that the Police Department is merely a department within the City of Lake Charles. The Police Department is not a legal entity and lacks the capacity to sue or be sued as required by Federal Rule of Civil Procedure 17(b). Accordingly, the Police Department will be dismissed from the suit.

---

[13] Roberts v. Sewerage & Water Bd. Of New Orleans, 634 So.2d 341, 347 (1994).

[14] Id.

*Mayor Randy Roach and Chief Police Don Dixon*

Defendants Roach and Dixon maintain that they should be dismissed due to the complete absence of any facts concerning their alleged conduct. We find defendants' argument to have merit. The complaint contains no factual allegations as to any wrongful conduct, other than that they are the "boss" of other defendants. Therefore, plaintiff's complaint against these defendants must be dismissed.

*Defendant Police Officers and the Lake Charles Police Department*

The Police Officers maintain that they should be dismissed because the claims made against them have prescribed. Plaintiff seeks recovery under 42 U.S.C. § 1983. Section 1983 of the United States Code does not set forth a statute of limitations governing the time limit in which to file a claim pursuant to the statute. Prescription for § 1983 action is determined by state limitations statutes, in determining the timeliness of a claim under civil rights provisions.[15] Louisiana Civil Code article 3492 provides the prescriptive period of one year for delictual actions.[16] The prescriptive period "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.[17] Illegal searches and excessive force claims also being to run from the date of the arrest and are delictual in nature.[18]

---

[15] Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091 (2007); McCoy v. City of Monroe, 747 So.2d 1234 (La.App. 2 Cir. 1999).

[16] See Elzy v.Roberson, 868 F.2d 793, 74 (5th Cir. 1989).

[17] Jelton v. Clements, 832 F.2d 332, 334 (5th Cir. 1987).

[18] La. Civ. Code art. 3492.

*Hoover*

Plaintiff alleges that Officer Hoover kicked down plaintiff's door without a search warrant. Plaintiff also alleges that Officer Hoover filed false and malicious charges against him which caused his name to be slandered in the newspaper. Plaintiff is suing Officer Hoover for defamation by filing false and malicious charges (aggravated rape and aggravated kidnapping) against plaintiff. Plaintiff further alleges that Officer Hoover stole $5,800.00 from plaintiff when Officer Hoover refused to turn the money in as evidence. Plaintiff next complains that Officer Hoover lied under oath at the suppression hearing and on the police report. Lastly, plaintiff alleges that Officer Hoover is being sued for conspiring to violate plaintiff's constitutional rights.

*Callora, Rupt and Single*

Plaintiff alleges Officers Callora, Rupf and Single filed false and malicious charges against him resulting in his name and the charges made against him being printed in the newspaper thereby defaming plaintiff's name and reputation. Plaintiff also alleges these officers kicked down his door without a search warrant and conspired to violate his constitutional rights.

*Bellow and Fleming*

Plaintiff alleges Officers Bellow and Fleming filed false and malicious charges against him resulting in his name and the charges made against him being printed in the newspaper thereby defaming plaintiff's name and reputation. Plaintiff also alleges these officers conspired to violate his constitutional rights.

In his complaint, plaintiff alleges that the actions or alleged misconduct of these officers occurred on June 30, 2008. Plaintiff now argues that the civil rights violations continued until May 1, 2010 when Officer Hoover lied on the stand. Thus, he argues that there was a continuing violation

6

of his Fourth Amendment rights.[19] The Court finds no merit to plaintiff's argument that the alleged lie by Officer Hoover on May 1, 2010 was a continuing violation of plaintiff's constitutional rights. The court fails to see the relevance of Officer Hoover's testimony concerning plaintiff's allegations of excessive force and/or false arrest which occurred on June 30, 2008.

Plaintiff further seems to allege that these officers were involved in the "malicious prosecution" of plaintiff. However, there are no allegations that these police officers initiated the criminal proceedings against Mr. Montgomery, and it is doubtful that such allegation could be made, considering that the District Attorney is responsible for initiating criminal proceedings and does so at his discretion.

Plaintiff filed the instant lawsuit on August 9, 2010. The lawsuit was filed well over a year from the date that the alleged misconduct took place. Accordingly, the court finds that plaintiff's claims against these officer have prescribed and must be dismissed.

*Conspiracy*

Louisiana law provides that "[h]e who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, *in solido,* with that person, for the damage caused by such act."[20] Louisiana courts have interpreted Louisiana Civil Code article 2324 as creating liability for acts performed pursuant to a conspiracy which causes injury or damage to a plaintiff.[21] The actionable element in an article 2324 claim is not the conspiracy itself, but rather the

---

[19] Plaintiff's opposition brief, ¶ 15. R. #25.

[20] La.Civ. Code art. 2324.

[21] Miller v. Keating, 339 So.2d 40, 43 (La.App.3d Cir. 1976).

tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part.[22] In order to recover, a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury.[23] What is fatally absent from plaintiff's complaint are allegations of fact of a mutual agreement between these officers and/or another defendant to commit an illegal or tortious act(s) against plaintiff. Conclusory allegations of conspiracy will not support a claim under § 1983.[24] Accordingly, plaintiff's claims of conspiracy will be dismissed.

## CONCLUSION

For the reasons set for above, the motion to dismiss will be granted in all respects dismissing with prejudice these defendants. Mayor Randy Roach and Chief of Police Don Dixon will be dismissed because the complaint contains no factual allegations as to their wrongful conduct; the Lake Charles Police Department will be dismissed because it is not a legal entity and cannot be sued; Officer Kevin G. Hoover, Officer Michael Callora, Officer David E. Rupf, Corporal Gregory Single, Lt. Arnold Bellow, Cpl. Fleming and the Lake Charles Police Department will be dismissed as the claims against them are prescribed; the conspiracy claims will be dismissed for failure to make sufficient allegations of a conspiracy. Had the court not determined that these defendants must be dismissed with prejudice, the court would have dismissed plaintiff's conspiracy claims without prejudice pursuant to Heck v. Humphrey.[25] The Court determines that there is no just reason for

---

[22] Tabb v. Norred, 277 So.2d 223, 227 (La.App. 3d Cir. 1973).

[23] Thomas v. City of New Orleans, 687 F.2d 80, 83 (5th Cir. 1982).

[24] Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

[25] In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."