RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/8/11
BY ___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KENNITH W. MONTGOMERY | : | DOCKET NO. 2:10-1297 |
| VS. | : | JUDGE TRIMBLE |
| CITY OF LAKE CHARLES, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss" (R. #29) filed by defendant, The Estate of Paul Reggie (erroneously named in the Complaint as "Paul Reggie") wherein the defendant seeks to be dismissed from the instant lawsuit pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the basis that plaintiff has failed to assert a claim for which relief can be granted. Plaintiff has not opposed the motion. For the following reasons, the motion will be granted.

## FACTUAL STATEMENT

For a recitation of the facts, see the Memorandum Ruling dated March 9, 2011, R. #31.

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[1] Subsumed within the rigorous standard of the *Conley* test is the

---

[1] Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[2] The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[3] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[4] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[5] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[6] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[7]

Under Rule 8 of the Federal Rules of civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] A complaint that offers "labels and conclusions:" or "a formulaic recitation of the elements of a cause of action will not do."[9] Nor does a complaint

---

[2] Elliot v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[3] Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[4] Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992).

[5] Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[6] Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

[7] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[8] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).

[9] Id.

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[10]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11]

## LAW AND ANALYSIS

Plaintiff has sued Assistant District Attorney Paul Reggie in both his individual and official capacity pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Mr. Reggie conspired to violate plaintiff's constitutional rights by hiding evidence, refusing to provide evidence to plaintiff and refusing to disclose witnesses to plaintiff.[12] Plaintiff seeks damages under the United States Constitution and 42 U.S.C. § 1983.

*Absolute immunity for individual capacity claims*

Defendant, The Estate of Paul Reggie, maintains that Mr. Reggie is immune from suit under § 1983. A prosecutor enjoys absolute immunity from personal liability for damages under § 1983 for actions "intimately associated with the judicial phase of the criminal process."[13] The United States Supreme Court has held that a criminal prosecutor is absolutely immune from damages when performing traditional functions of an advocate.[14]

Defendants rely on Kalina v. Fletcher,[15] wherein the United States Supreme Court established a functional test for absolute immunity which requires the district court to examine "the

---

[10] Id., at 557, 127 S.Ct. 1955.

[11] Id., at 570, 127 S.Ct. 1955.

[12] Complaint, ¶¶ 45 and 46.

[13] Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997).

[14] Kalina v. Fletcher, 502 U.S. 118, 118 S.Ct. 502, 507 (1997).

[15] 502 U.S. 118, 118 S.Ct. 502, 507 (1997).

nature of the function performed."[16] In Kalina, the United States Supreme Court held that a prosecutor is entitled to absolute immunity for bringing and prosecuting charges, preparing and filing the charging documents, appearing before a court or grand jury as an advocate, and evaluating and interviewing witnesses for trial.[17]

Some of the activities the courts have determined to be traditional functions and extended prosecutorial immunity of an advocate include; (1) deciding to bring charges or not bring charges,[18] (2) instructing detectives to use false information, commit perjury and induce witnesses to commit perjury,[19] and (3) conspiring with the Public Defender to deprive a prisoner of his constitutional rights by fabricating evidence, withholding exculpatory evidence, suborning perjury and attempting to intimidate the defendant into accepting a guilty plea.[20]

The scant allegations made by plaintiff against Paul Reggie fail to allege any facts regarding Mr. Reggie's prosecutorial role that could be conceived outside the traditional functions of an advocate or prosecutor. Accordingly, the court finds that Assistant District Attorney Paul Reggie, in his individual capacity, is absolutely immune from liability.

*Official capacity claims*

Defendant maintains that the claims made against Paul Reggie must be dismissed because

---

[16] Id. at 508.

[17] Id. at 509.

[18] Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

[19] Mills v. Greenville County, 586 F.Supp.2d 480 (D. S.C. 2008 ) citing Weller v. Dept. of Soc. Svcs. For City of Baltimore, 901 F.2d 387 (4th Cir. 1990).

[20] Peay v. Ajello, 470 F.3d 65 (2nd Cir. 2006).

plaintiff has failed to allege a policy or custom on behalf of the District Attorney's Office that caused plaintiff damage. For a plaintiff to state a cause of action against a District Attorney in his official capacity, the court must apply the principles used to determine liability against a municipality or other local government entity.[21]

Municipalities and other local governmental bodies are "persons" within the meaning of § 1983.[22] However, a municipality may not be held liable under § 1983 solely because it employs a tortfeasor.[23] Instead, the plaintiff must identify a municipal "policy" or "custom" that caused the injury.[24] The "official policy" requirement was intended to distinguish acts of the *municipality* from the acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible.[25] Thus, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[26] "Official policy" often refers to formal rules or understandings–often but not always committed to writing–that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time.[27] Therefore, plaintiffs must

---

[21] Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999).

[22] Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 2037 (1978).

[23] Id. at 692, 98 S.Ct. at 2036.

[24] Pembaur v. City of Cincinnati, 475 U.S. 469, 480-481 (1986).

[25] Id.

[26] Monell, 436 U.S. at 694, 98 S.Ct. at 2038.

[27] Pembaur, 475 U.S. at 480-481.

demonstrate that the municipality was the "moving force" behind the injury alleged.[28]

To establish liability on the part of a District Attorney, plaintiff must allege that a policy or custom of the government entity caused the alleged constitutional deprivation.[29] A failure to identify the policy or custom which caused the deprivation of plaintiff's constitutional rights is fatal to plaintiff's claims.[30]

After reviewing the complaint, the court finds that plaintiff has failed to allege specific facts to show that a policy or custom was the moving force behind plaintiff's complaints of constitutional deprivation. Accordingly, the motion to dismiss will be granted dismissing all § 1983 claims against Paul Reggie in his official capacity.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted and the Estate of Paul Reggie (incorrectly named Paul Reggie) will be dismissed with prejudice. The Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of April, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[28] Id.

[29] Brooks v. George County, 84 F.3d 165 (5th Cir. 1996).

[30] Waldrop v. Bethancourt, 2010 WL 3312501 (E.D.La. 2010).